IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Lisa Hood; and David Hood; | : | |
| Plaintiffs, | : | |
| v. | : | Civil No. 20-15948 (RBK/KMW) |
| | : | **OPINION** |
| Nationstar Mortgage, LLC dba Mr. Cooper; Milstead & Associates, LLC; Michael Milstead; Roger Fay; Nelson Diaz; Mary L. Harbert-Bell; MTGLQ Investors, L.P.; and New Penn Financial, LLC dba Shellpoint Mortgage Servicing; | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This case arises out of a foreclosure action on a property leased by Plaintiffs Lisa and David Hood (hereinafter, "Plaintiffs") at 108 Pine Knoll Circle in Mays Landing, New Jersey (hereinafter "the Property"). Plaintiffs filed suit against Defendants Nationstar Mortgage, LLC dba Mr. Cooper (hereinafter "Nationstar"); Milstead & Associates LLC, Michael Milstead, Roger Fay, Nelson Diaz, Mary L. Harbert-Bell (hereinafter collectively "Milstead Defendants"); MTGLQ Investors, L.P. (hereinafter "MTGLQ"); and New Penn Financial, LLC dba Shellpoint Mortgage Servicing (hereinafter "Shellpoint"). (Doc. No. 1). Plaintiffs allege, inter alia, that Defendants defrauded them by misrepresenting the true owner of the Property in the course of a state court eviction action and by seeking rent payments.

Presently before the court are Milstead Defendants' Motion to Dismiss (Doc. No. 6); Nationstar's Motion to Dismiss and Enjoin Future Filings (Doc. No. 15); MTGLQ and Shellpoint's Motion to

1

Dismiss (Doc. No. 17); Plaintiffs' Motion for Order Granting Plaintiffs' Request for extension of time to answer (Doc. No. 19); and Plaintiffs' Omnibus Cross-Motion for an Order Denying the Pending Motions to Dismiss (Doc. No. 20).  For the reasons detailed herein, Defendants' motions are **GRANTED**. Plaintiffs' motions are denied as moot.

I. BACKGROUND

A. Procedural background

The preliminary procedural background is taken from a prior case concerning the Plaintiffs, the Property, and the same factual allegations, in which this court dismissed the complaint with prejudice:

> In 2007, Luz Ramirez executed a promissory note, payable to Countrywide Home Loans and secured by a mortgage, for the Property. In March 2014, the mortgage was assigned to Defendant Nationstar.
>
> In July 2014, Ramirez transferred the Property to Defendant Victoria Crossing through a quitclaim deed to the text of the note as part of Ramirez's bankruptcy proceedings. In August 2014, Plaintiffs entered into a written lease agreement with Defendant Victoria Crossing and began occupying the Property the following month.
>
> On September 2, 2014, Defendant Nationstar filed a foreclosure action against Ramirez in the Superior Court of Atlantic County, Chancery Division.
>
> In February 2015, Plaintiffs filed a *pro se* complaint in the Superior Court of New Jersey, Atlantic County, Law Division against Nationstar, Victoria Crossing [Townhouse Association], Atlantic Realty, [Debra A.] Lafferty, and [Gail H.] Lusk. Plaintiffs subsequently filed an amended complaint in April 2015 against the same Defendants. On June 12, 2015, the Law Division dismissed the Plaintiffs' claims against Defendant Nationstar with prejudice for failure to state a claim upon which relief can be granted. On June 26, 2015, the Law Division further dismissed Plaintiffs' claims with prejudice against Defendants Victoria Crossing, Atlantic Realty, Lafferty, and Lusk after oral argument for failure to state a claim upon which relief can be granted. After oral argument, the Law

> Division held that Defendant Victoria Crossing was the legal owner of the Property at the time Plaintiffs entered into the lease agreement with Defendant Victoria Crossing, therefore all of Plaintiffs' claims based on the dispute of the ownership of the Property failed as a matter of law. The Superior Court also held that Plaintiffs' other claims [in that matter] were either insufficiently pled or barred by the parol evidence rule.
>
> Defendant Nationstar's foreclosure complaint against Ramirez was initially dismissed in January 2016, but it was reinstated in October of the same year and final judgment in favor of Defendant Nationstar was entered on January 12, 2017. On January 24, 2017, Defendant Nationstar assigned the mortgage to Defendant MTGLQ. Defendant Nationstar sent a notice to Plaintiffs regarding the foreclosure and the upcoming sheriff's sale. On August 17, 2017, the Property was sold to Defendant MTGLQ at the sheriff's sale. On September 21, 2017, notice was sent to Plaintiffs regarding the change in ownership.
>
> Five months after the Superior Court's final judgment in favor of Defendant Nationstar in the foreclosure action, Plaintiffs filed a pro se motion in the Superior Court of Atlantic County to vacate the final judgment in the foreclosure action, stay the scheduled sheriff's sale, and dismiss the foreclosure complaint. The Superior Court scheduled oral argument regarding the pro se motion for October 27, 2017, where Plaintiffs' motion was denied after they failed to appear. The Superior Court held that Plaintiffs did not have standing to bring forth any of their claims because they were not a party to the original loan and that they should seek remedies through the appropriate landlord dispute court in the state if they had issues with their tenancy.
>
> On December 12, 2017, Defendant MTGLQ filed a complaint in the Superior Court of Atlantic County against Plaintiffs for non-payment of rent. On January 24, 2018, the Superior Court dismissed the action after the rent was paid in full by Plaintiffs to Defendant MTGLQ.

*Hood v. Vict. Crossing Townhouse Ass'n*, Civil Action No. 18-12259 (RBK/KMW), 2019 WL 3336132, at *1-3 (D.N.J. July 25, 2019) (record citations and footnotes omitted).  In that action, Plaintiffs' counsel was enjoined from filing any further complaint, lawsuit, or petition which pertains to any prior foreclosure in the U.S. District Court without prior authorization of the court.

3

*See* Amended Order Enjoining, *Hood v. Vict. Crossing Townhouse Ass'n*, 2019 WL 3336132, Doc. No. 35.

Subsequently, on October 7, 2019, Milstead & Associates brought a landlord-tenant complaint against Plaintiffs in the Superior Court of New Jersey, Law Division, Special Civil Part, Atlantic County. Complaint, *Nationstar Mortgage LLC v. Hood*, No. LT-4312-19 (N.J. Super. Ct. Law Div. Oct. 7, 2019). This complaint inadvertently listed Nationstar, not MTGLQ, as plaintiff, but that was summarily resolved by a state court order substituting MTGLQ as plaintiff. Order, *Nationstar Mortgage LLC v. Hood*, No. LT-4312-19 (N.J. Super. Ct. Law Div. Dec. 9, 2020).

Plaintiffs filed the present Complaint pro se on November 12, 2020.  (Doc. No. 1). Plaintiffs seek compensatory damages, punitive damages for at least $12,500,000, treble damages where applicable, and equitable relief where applicable. (*Id.*). Plaintiffs limits the complaint to injuries attributable to conduct beginning July 26, 2019, the day after this Court's dismissal of the complaint in *Hood v. Vict. Crossing Townhouse Ass'n,* 2019 WL 3336132.

Plaintiffs brings the following claims:
- (1) Violation of the Federal Fair Debt Collection Practices Act against Nationstar and the Milstead Defendants;
- (2) Malicious Abuse of Process against Nationstar and the Milstead Defendants;
- (3) Violation of New Jersey Civil RICO against Nationstar and the Milstead Defendants;
- (4) Violation of the New Jersey Consumer Fraud Act against all Defendants;
- (5) Common law negligent misrepresentation against Nationstar and the Milstead Defendants;

(6) "Constructive – equitable fraud" against Nationstar and the Milstead Defendants;

(7) Civil conspiracy to defraud against Nationstar and the Milstead Defendants;

(8) Breach of the implied covenant of good faith and fair dealing against MTGLQ and Shellpoint; and

(9) Intentional infliction of emotional distress against all Defendants.

Aside from malicious abuse of process, these claims are the same claims Plaintiffs brought in the prior case before this court. *Hood v. Vict. Crossing Townhouse Ass'n*, 2019 WL 3336132, at *9.

Thereafter, Defendants filed the present motions to dismiss (Docs. No. 6, 15, 17). Plaintiffs filed a motion requesting time to respond (Doc. No. 19) and an Omnibus Cross-Motion asking this court to deny the pending motions to dismiss. (Doc. No. 20).

### B.  Additional factual background from the Complaint

Upon the motions to dismiss, this court accepts as true all well-pleaded factual allegations in the Complaint and construes them in the light most favorable to Plaintiffs. *See Phillips v. Cnty of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiffs reside at the Property by way of a lease agreement dated September 15, 2014. (Doc. No. 1 ¶ 1). The lease agreement contains an addendum providing a "First Right of refusal" to purchase the Property in the event of a foreclosure. (*Id.*). As of August 29, 2017, MTGLQ owns the Property. (*Id.* ¶ 9). Shellpoint is MTGLQ's agent and/or mortgage servicer with respect to the Property. (*Id.* ¶ 10). Despite no longer owning the Property, Nationstar – not MTGLQ -- was listed as plaintiff in a state court eviction action for over $21,000. (*Id.* ¶ 19). In the eviction action, Nationstar and the Milstead Defendants did not present Plaintiffs' option to purchase the subject property under the terms of the lease agreement. (*Id.*) Plaintiffs have repeatedly sent text messages and writings to MTGLQ and Shellpoint regarding their desire to

exercise the first right of refusal to purchase the Property, but MTGLQ and Shellpoint have "essentially ignored" them. (*Id.* ¶ 24). MTGLQ has neglected to make necessary repairs to the property including replacing the carpet, painting the walls, addressing basement flooding, and replacing or repairing the malfunctioning refrigerator. (*Id.* ¶ 25). Fear and stress related to the above contributed to Mr. Hood's depression, alcoholism, and marital problems. (*Id.* ¶¶ 29-30).

On March 27, 2020, Nationstar and the Milstead Defendants mailed to Plaintiffs a statement containing a Fair Debt Collection Practices Act disclaimer: "Pursuant to the Fair Debt Collection Practices Act, you are advised that this office is deemed to be a debt collector." (*Id.* ¶ 20).

## II.  LEGAL STANDARD

### A. Motion to dismiss for lack of subject matter jurisdiction

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject-matter jurisdiction over a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). On a motion under Rule 12(b)(1), it is the plaintiff who bears the burden of establishing subject-matter jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A district court may treat a party's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elecs.*, 220 F.3d at 176. Where the challenge to subject matter jurisdiction is facial, the court must take all the allegations in the complaint to be true and construe them in the light most favorable to the plaintiffs. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). However, when the Rule 12(b) (1) motion is a factual attack, such as here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material

facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. Further, a Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists when a factual attack to a pleading is made. *See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citations omitted).

### B. Motion to dismiss for failure to state a claim

When deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the plaintiff. *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The inquiry is not whether [a plaintiff] will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at

7

680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.* We note that pro se complaints must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

#### A. The *Rooker-Feldman* doctrine

Defendants assert that Plaintiffs' claims, being predicated on their challenge to the underlying validity of the mortgage and ownership of the Property, are barred under the *Rooker-Feldman* doctrine. (Doc. No. 15-1). The court agrees and will grant this portion of the motion. As stated in this court's prior opinion:

> "[U]nder what has come to be known as the *Rooker-Feldman* doctrine, federal courts, other than the United States Supreme Court, are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Id.* at 466. For the *Rooker-Feldman* doctrine to apply, four requirements must be met: (1) the federal plaintiff must have lost in state court; (2) the federal plaintiff must complain of injuries caused by state court judgments; (3) those state court judgments must have been rendered before the federal suit was filed; and (4) the federal plaintiff must be inviting the federal court to review and reject the state court's judgments. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). In short, pursuant to *Rooker-Feldman*, a plaintiff may not seek relief in federal court if such relief "would prevent a state court from enforcing its orders." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). However, the doctrine is "narrow" and "applies only in limited circumstances."

> *Great W. Mining*, 615 F.3d at 169. "The *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." *Lance*, 546 U.S. at 466.

*Hood v. Vict. Crossing Townhouse Ass'n,* 2019 WL 3336132, at *5.

Here, as in Plaintiffs' prior federal case regarding the Property, Plaintiff's claims are direct challenges to the New Jersey state court system's handling of the foreclosure and landlord-tenant matters. Plaintiffs' alleged injuries relate to Nationstar's conduct in the course of New Jersey state court proceedings, namely, inadvertently and temporarily being named as plaintiff in landlord-tenant court. Again, borrowing from this court's opinion in the prior matter:

> Plaintiffs' only alleged injuries are unspecified emotional harm from a fear of eviction and having to pay rent while they occupy the Property. These "injuries" are a direct result of the prior judgments' enactment: paying rent to the owners, and the effects of the final judgment in the foreclosure action and subsequent sheriff's sale. Moreover, at the time the Complaint was filed, Plaintiffs continued to live on the Property.
>
> Therefore, all four elements of the Rooker-Feldman doctrine are met for claims of injuries alleged by the Plaintiffs that are a direct result of the prior state court rulings: (1) Plaintiffs lost not once, but twice in state court, and each time their claims were dismissed with prejudice; (2) all of the "injuries" alleged in connection with the claims by Plaintiffs are a result of the state court rulings; (3) both prior state court rulings were made before Plaintiffs filed the present Complaint; and (4) Plaintiffs are clearly asking the Court to collaterally review (and reverse) the decisions of the New Jersey courts.
>
> Such collateral review is plainly barred by the *Rooker-Feldman* doctrine. *See Otto v. Wells Fargo Bank, N.A.*, 693 F. App'x 161, 163 (2017) ("To the extent that [the plaintiff's] complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the *Rooker-Feldman* doctrine bars the suit.") (citing *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009); *Knapper*, 407 F.3d at 581). Because New Jersey state

> foreclosure judgments decide the "validity of the note and mortgage; the alleged default; and [the] Defendants' right to foreclose," all claims against parties involved in the foreclosure action that are predicated on these issues and allege issues from the foreclosure judgment are barred. *Sheldrick v. Wells Fargo Bank, N.A.*, No. 16-2797, 2016 WL 7325473, at *17 (D.N.J. Dec. 16, 2016). If Plaintiffs are unhappy with the decisions of the state courts, they may seek relief through the New Jersey state court system, but they cannot do so in this Court.

*Id.* at *14-16 (record citations omitted).

### B. Failure to state a claim

In the alternative, Plaintiffs have failed to state a cognizable cause of action under FDCPA, Plaintiffs' singular federal claim.

The FDCPA, 15 U.S.C. § 1692 et seq., provides a cause of action to consumers who have been subject to "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To state a claim under the FDCPA, a plaintiff must establish that "(1) she is a consumer; (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A debt collector violates the FDCPA if he or she "use[s] any false, deceptive, or misleading representation or means in connection with

the collection of any debt." 15 U.S.C. § 1692e. By contrast, "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4); *see FTC v. Check Investors, Inc.*, 502 F.3d 159, 171 (3d Cir. 2007). Creditors are "generally not subject to the [FDCPA]." *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) (citation omitted).

Here, Plaintiffs owe rent pursuant to an eviction proceeding in state court, and Defendants seek that rent. As previously stated by this court:

> According to the Complaint, then, the FDCPA does not apply to Defendants' actions. Plaintiffs allege that they were harmed by paying rents owed directly to Defendants Nationstar, […] MTGLQ, and Shellpoint — creditors under the FDCPA — who were renting the Property to Plaintiffs. Plaintiffs do not allege that any third-party debt collectors were involved in the collection of rents.

*Hood v. Vict. Crossing Townhouse Ass'n,* Civil Action No. 18-12259 (RBK/KMW), 2019 WL 3336132 at *13 (D.N.J. July 25, 2019). The fact that MTGLQ, the new mortgage assignee for the Property, substituted Nationstar as plaintiff in the eviction proceeding does not somehow turn Nationstar into a debt collector under the FDCPA.

Milstead & Associates and its attorneys, on the other hand, may be debt collectors under the FDCPA. *See Rodriguez v. Maharaj*, Civil Action No. 3:20-cv-04666-FLW-ZNQ, 2021 U.S. Dist. LEXIS 26249, at *9 (D.N.J. Feb. 11, 2021) ("Law firms… are debt collectors if they regularly engage in debt collection… includ[ing] law firms that [] prosecute eviction actions") (citing

11

*Crenshaw v. Computex Info. Servs., Inc.*, No-10-1493, 2011 WL 1640175, at *4-5 (D.N.J. Apr. 30, 2011).

Regardless of whether any Defendant meets the statutory definition of "debt collector", Plaintiff has made no showing that Defendants used "false, deceptive, or misleading representation or means" to collect the debt. Calling Defendants' actions "false" and "unconscionable" does not make them so. *Accord Iqbal*, 556 U.S. at 680. Plaintiffs allege no facts supporting the assertion that any Defendants falsely represented the character, amount, and/or legal status of rent owed. Plaintiffs do not allege how the presence of a right of first refusal in a lease agreement could render an eviction action false, deceptive, or misleading. Plaintiffs do not allege that the rent owed is incorrect, or that any Defendant has taken debt collection action outside of the due process prescribed by New Jersey state court. The FDCPA is not implicated by the Defendants' alleged conduct.

### C. The court declines to exercise supplemental jurisdiction over remaining claims

The remaining claims are (1) malicious abuse of process; (2) New Jersey Civil RICO; (3) New Jersey Consumer Fraud Act; (4) common law negligent misrepresentation; (5) "Constructive – equitable fraud"; (6) civil conspiracy to defraud; (7) breach of the implied covenant of good faith and fair dealing; and (8) intentional infliction of emotional distress.

Once again borrowing from Plaintiffs' prior case before this court:

> These remaining causes of action are all brought under New Jersey state law, [] and all claims over which the Court may have had original jurisdiction have been dismissed, *supra*. "[W]hen all federal claims against a party have been eliminated from a case, the district court may, in its discretion, decline to extend supplemental jurisdiction over the remaining state law claims." *Rothman v. City*

>  *of Northfield*, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (citing *Lentz v. Mason*, 961 F. Supp 709, 717 (D.N.J. 1997)). Where the federal claims are dismissed at an early stage in litigation, courts generally decline to exercise supplemental jurisdiction over state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Growth Horizons, Inc. v. Delaware Cty., Pa.*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).
>
>  In this case, as the Court is dismissing every claim over which it may have had original subject matter jurisdiction at an early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

*Hood v. Vict. Crossing Townhouse Ass'n,* 2019 WL 3336132, at *9.

### D.  Pre-filing injunction

Defendant Nationstar moves for an injunction that prevents Plaintiffs from filing additional complaints against them without the Court's permission. A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. *See In re Oliver*, 682 F.2d 443, 445 (3d Cir.1982). However, Pursuant to the all Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993). In the context of pro se plaintiffs, an injunction of this sort must be considered with caution.

Because this court has not provided Plaintiffs with an opportunity to show cause as to why Nationstar's proposed injunction should be denied, we decline to further evaluate Nationstar's request. However, as discussed throughout this opinion, the Court notes that Plaintiffs previously commenced a similar action that contained the same general allegations against many of the same

13

parties, which was dismissed. *See Hood v. Vict. Crossing Townhouse Ass'n,* 2019 WL 3336132. Should Plaintiffs file another action premised on the same alleged injuries, the court will instruct them show good cause as to why they should not be enjoined from filing similar lawsuits. At that point, the court will consider whether they are "continually abusing the judicial process" such that a narrowly tailored pre-filing injunction is necessary. *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013).

### IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**. Nationstar's motion to enjoin future filings is **DENIED**. Plaintiffs' motions are **DENIED** as moot. An order follows.

Dated: 8/16/2021

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge